UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

# 04  11887 MLW

| | |
|---|---|
| HANS RUIGROK, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) C.A. File No. _____ |
| SCANDENT GROUP, INC. | ) |
| | ) |
| Defendants | ) |

_Cohen MJ_

RECEIPT # _____
AMOUNT $150
SUMMONS ISSUED, _N/A_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Scandent Group, Inc. (hereinafter referred to as the "Defendant") files this Notice of Removal. As grounds for removal, Defendant submits that:

1.     Defendant is a defendant in a civil action entitled HANS RUIGROK V. SCANDENT GROUP, INC., filed in Essex County Superior Court Department of the Trial Court of Massachusetts, C.A. No. 2004-1480-D.

2.     On August 10, 2004, Defendant's registered agent was served with a copy of the Summons and Complaint. A copy of these documents and exhibits are attached as Exhibit A.

3.     Plaintiff is a natural person residing at Karthuizersplantsoem 6, 1015 LS Amsterdam, the Netherlands. Complaint ¶ 3.

4.     Defendant is a Delaware Corporation with its principal place of business in Atlanta, Georgia. Complaint ¶ 5.

5.     Plaintiff's Complaint purports to assert claims for breach of contract and violation of Massachusetts Wage Payment Act, Mass. G. L. ch. 149, § 148, and contains a demand for $287,500. Complaint §§ 25-34.

DOWNS
RACHLIN
MARTIN PLLC

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state.

7.    No other process, pleadings or orders have been served on Defendant to date in the above-captioned case, except for Plaintiff's Ex Parte Motion for Appointment of Special Process Server.  This petition for removal is being filed within 30 days of Defendant's receipt of initial notice of this action, as required by 28 U.S.C. § 1446.

8.    A true copy of this notice will be filed with the Clerk of the Essex County Superior Court Department of the Trial Court of Massachusetts, as required by law.

WHEREFORE, Defendant respectfully request that this action be removed to the United States District Court for the District of Massachusetts.

Burlington, Vermont.

August ___26___, 2004

SCANDENT GROUP, INC.

By: _Patricia M. Sabalis_

Patricia M. Sabalis
BBO # 436730
Downs Rachlin Martin PLLC
199 Main Street, P.O. Box 190
Burlington, VT  05402-0190
(802) 863-2375

*Attorneys for Defendant*

I hereby certify that a true copy of the above document was served upon Gregg A. Rubenstein, Nixon Peabody LLP, 100  Summer Street, Boston, Massachusetts 02110-1832, the attorney of record for Plaintiff, by first class mail on August 26, 2004.

_Patricia M. Sabalis_
Patricia M. Sabalis

DOWNS
RACHLIN
MARTIN PLLC

BTV.272078.2

2

# EXHIBIT A

CT System

**Service of Process Transmittal Form**

Boston, Massachusetts

08/10/2004

Via Federal Express (2nd Day)

TO:  Siddharth Mittal
     Scandent Group, Inc.
     340 Interstate, North Parkway
     Suite 340
     Atlanta, GA  30339

RE:  **PROCESS SERVED IN MASSACHUSETTS**

FOR      Scandent Group, Inc. Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Hans Ruigrok, Pltf. vs Scandent Group Inc., Deft. |
| 2. DOCUMENT(S) SERVED: | Summons, Complaint, Exhibits |
| 3. COURT: | Commonwealth of Massachusetts, Lawrence Superior Court Case Number 2004-1480-D |
| 4. NATURE OF ACTION: | Violation of Massachusetts Wage Payment Act/Breach of Contract |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Boston, Massachusetts |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 08/10/2004 at 12:00 |
| 7. APPEARANCE OR ANSWER DUE: | Within 20 Days |
| 8. ATTORNEY(S): | Gregg A. Rubenstein Nixon Peabody, LLP 100 Summer Street Boston, MA  02110 |
| 9. REMARKS: | |

SIGNED     CT Corporation System

PER
ADDRESS    Yvette Concepcion
           101 Federal Street
           Boston, MA  02110
           SOP WS 0006519188

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

|  |  |
|---|---|
| HANS RUIGROK, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| SCANDENT GROUP, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

C.A. NO. _____

## COMPLAINT AND JURY DEMAND

For its Complaint against defendant Scandent Group, Inc. ("Scandent"), plaintiff Hans

Ruigrok alleges as follows:

### NATURE OF THE ACTION

1.      This action is brought to enforce the Massachusetts Wage Payment Act and Mr.

Ruigrok's employment contract. As an employee of Scandent, Mr. Ruigrok performed services

on behalf of and at the request of Scandent pursuant to the terms of an employment contract.

Despite terminating Mr. Ruigrok's employment on or about December 12, 2003, Scandent has

failed to pay Mr. Ruigrok for contractual wages, severance pay and deferred compensation. As a

result, Scandent has failed to pay Mr. Ruigrok approximately $187,500 in wages and contractual

payments due to him. Despite making multiple demands upon Scandent for such Unpaid Wages

and contractual amounts due, Scandent has failed to make payment of any Unpaid Wages or

contractual amounts owed to Mr. Ruigrok.

2.      By this action, Mr. Ruigrok seeks, among other things, all Unpaid Wages due to

him, all contractual amounts owed to him, treble damages, attorney fees, interest, and such

other relief as the Court deems just and appropriate.

BOS1398416.2

IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

AUG - 6 2004

*Thomas H. Driscoll Jr.*

CLERK

## FACTUAL BACKGROUND

### The Parties and Jurisdiction

**Hans Ruigrok**

3.      Hans Ruigrok is a natural person residing at Karthuizersplantsoen 6, 1015 LS

Amsterdam the Netherlands.

4.      At all relevant times Mr. Ruigrok was employed by Scandent as its President,

North America and President Continental Europe, working from offices in Massachusetts and the

Netherlands.

**Scandent Group, Inc.**

5.      Scandent Group, Inc. is a Delaware corporation registered to conduct business in

the Commonwealth of Massachusetts.  Scandent maintains its Regional North American

headquarters in Andover, Massachusetts.

6.      Scandent performs consulting services throughout the world for various

healthcare providers and institutions.  Its consulting services focus on providing to its clients IT

Services, Enterprise Services, Business Process Outsourcing and Marketing & Sales Consulting.

7.      In 2002, Scandent interviewed and hired Mr. Ruigrok as its President, North

America working with a base of operations at its Andover, Massachusetts office.

8.      Scandent and Mr. Ruigrok entered into an employment contract governing the

terms of his employment with Scandent, a true and accurate copy of which is attached as Exhibit

A.

9.      Throughout Mr. Ruigrok's employment with Scandent, Scandent withheld federal

and Massachusetts payroll taxes from Mr. Ruigrok's wages and remitted such taxes to the United

States and the Commonwealth of Massachusetts.

**Subject Matter Jurisdiction**

10.     Pursuant to G.L. c. 149, § 150 and c. 151, § 20, on or about February 19, 2004,

Mr. Ruigrok filed a complaint with the Attorney General's office regarding the Unpaid Wages.

A true and accurate copy of that complaint is attached as Exhibit B.

11.     On April 2, 2004, Ronnie A. Cabezas, Assistant Attorney General, responded to

Mr. Ruigrok's complaint and authorized the immediate filing of suit pursuant to G.L. c. 149, §

150 and c. 151, § 20. A true and accurate copy of such authorization is attached as Exhibit C.

12.     This Court has subject matter jurisdiction over this action pursuant to G.L. c. 212,

§ 4, in that it is an action for money damages with a reasonable likelihood of recovery in excess

of $25,000. Venue is proper in this county pursuant to G.L. c. 223, § 1.

**Mr. Ruigrok's Employment With The Studer Group**

13.     On or about October 18, 2002, Satyen Patel, Scandent's Chief Operating Officer,

extended an offer of employment to Mr. Ruigrok to join Scandent as its President, North

America which Mr. Ruigrok accepted.

14.     The terms of Mr. Ruigrok's employment contract provide that Mr. Ruigrok would

receive an annual base salary of $250,000. The employment contract also provides that Mr.

Ruigrok would be eligible to earn annual incentive pay of up to an additional $200,000.

15.     The employment contract also provides that if Mr. Ruigrok's employment were

terminated he would receive 60 days advance written notice of such termination and a severance

payment of 3 months On Target Earnings.

**Scandent Breaches the Employment Contract**

16.     During the month of May, 2003, various officials at Scandent told Mr. Ruigrok

that it intended to reduce his salary below $250,000 per year.

- 4 -

17.     Mr. Ruigrok responded to those officials both orally and in writing that such a reduction would constitute a breach of his employment contract and that he did not consent to a modification of the terms of his employment contract.

18.     On or about May 27, 2003, Scandent wrote to Mr. Ruigrok purporting to change the terms of his employment contract. A true and accurate copy of the My 27, 2003 correspondence is attached as Exhibit D. Specifically, Scandent sought to reduce Mr. Ruigrok's annual compensation and permanently relocate him to continental Europe. Despite purporting to immediately lower his base salary, Scandent also stated that the lost base salary would only be deferred and subsequently paid if certain sales goals were met over the next twelve months.

19.     Subsequently, Mr. Ruigrok responded to Scandent's May 27, 2003 correspondence, again rejecting the terms of the proposed changes to his employment contract.

20.     Despite Mr. Ruigrok's specific rejection of the offer to modify the terms of his employment contract, Scandent lowered his salary.

### Scandent Terminates Mr. Ruigrok's Employment and Fails to Pay Severance, Deferred Compensation and Proper Salary in Lieu of Notice

21.     On or about December 12, 2003, Scandent wrote to Mr. Ruigrok purporting to terminate his employment for failure to meet certain sales goals.

22.     Despite its obligation to do so, Scandent refused to allow Mr. Ruigrok the full twelve months promised to achieve certain sales goals and refused to pay Mr. Ruigrok the difference between the base salary guaranteed to him in his employment contract and the reduced salary Scandent paid to Mr. Ruigrok in breach of his employment contract and without Mr. Ruigrok's authorization.

- 5 -

23.     Despite its obligation to do so, Scandent refused to pay Mr. Ruigrok the three months of On Target Earnings severance that was due to him pursuant to his employment contract.

24.     Despite its obligation to do so, Scandent did not provide Mr. Ruigrok with 60 days advance notice of his termination from employment or pay Mr. Ruigrok for such days at his contractual rate of pay.

## COUNT I
### Violation of the Massachusetts Wage Payment Act, G.L. c. 149, § 148

25.     Mr. Ruigrok repeats the allegations in paragraphs 1 through 24, supra.

26.     Mr. Ruigrok was an "employee" of Scandent pursuant to G.L. c. 149, § 1.

27.     Scandent is an "employer" pursuant to the G.L. c. 149, § 1.

28.     Scandent has violated the Massachusetts Wage Payment Act, c. 149, § 148 by failing to pay Mr. Ruigrok wages in lieu of notice at his contractual wage rate and wages at his contractual wage rate for services actually performed.

Wherefore, Mr. Ruigrok demands judgment against Scandent for $87,500, plus treble damages, reasonable attorney fees, interest, costs and such other relief as deemed appropriate by the Court.

## COUNT II
### Breach of Contract

29.     Mr. Ruigrok repeats the allegations in paragraphs 1 through 28, supra.

30.     Scandent breached Mr. Ruigrok's employment contract by unilaterally and without Mr. Ruigrok's agreement reducing his base salary from $250,000 per annum to $150,000 per annum.

31.    Scandent breached Mr. Ruigrok's employment contract by failing to pay him for services performed at the contractual rate of pay.

32.    Scandent breached Mr. Ruigrok's employment contract by terminating his contract without providing him 60 days advanced written notice.

33.    Scandent breached Mr. Ruigrok's employment contract by terminating his contract without providing him 60 days pay in lieu of notice at his contractual rate of pay.

34.    Scandent breached Mr. Ruigrok's employment contract by failing to pay him three months severance at On Target Earnings under his employment contract.

Wherefore, Mr. Ruigrok demands judgment against Scandent for $200,000, interest, costs and such other relief as deemed appropriate by the Court.

## JURY DEMAND

Mr. Ruigrok demands a jury trial on all issues so triable.

HANS RUIGROK

By his attorneys,

Gregg A. Rubenstein (BBO #639680)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
617-951-6600

Date:  August 6, 2004

# EXHIBIT A

Scandent
Group

18th October 2002

(Confidential)

**Dear Hans,**

On behalf of Scandent Group Inc., we are pleased to offer you the position of **President, North America, Scandent Group Inc, USA.** This letter summarizes the terms and conditions of your employment with the Company.

Your employment with the Company will begin on **October 1st 2002.** . You will operate from our offices in **Boston.**

In this capacity, you will take responsibility for the complete Scandent offerings for the America's In addition you will drive the MatrixOne practice globally.

Your compensation is as detailed in **Exhibit A** and consists of a Base Salary and Incentives that will accrue based on achievements of Targets. The base salary component will be **paid monthly once by the First week of the month.** Your Compensation will be paid less payroll taxes and normal payroll deductions. Your monthly paycheck and pay stub will be mailed to you during the first week of every month to your residential address.

Company will provide in accordance with its procedures and policies Medical insurance coverage including dental and vision benefits under the PPO plan for you and your immediate eligible dependants for the period of your employment with the Company.

You will be eligible for vacation leave of fifteen (15) **working days** per calendar year (accruing at the rate of 1.25 days per month of service completed), three **(03) sick days** per calendar year and three **(03) personal leave days** per calendar year. After one year, unused vacation days will be paid at your base salary rate in case of encashment.

**For the first six months of employment Scandent guarantees the On Target Earnings.** (Base plus on target commission and bonuses)

You will devote your best efforts, time, attention and ability to the business of the Company and will not take any interest, either directly or indirectly, in any business activity likely to compete with those of Scandent Group Inc. Towards this you will have to sign a **Technology and Confidentiality Agreement** enforceable in the court of law in the state of **Massachusetts .**

Your employment with the Company can be terminated without cause by serving you with the **60 days** written notice from the Company.

Page .2
In the event of your seeking separation from the services of Scandent Group Inc , it is mandatory for you to

Scandent
Group

give **60 days** notice in writing or salary in lieu there of to the Company.

In the event that your performance is found to be below the laid down standards of satisfactory performance or as agreed mutually at the time of your joining, your employment will be terminated with 60 days written notice from the Company. **A severance payment of 3 months OTE (On Target Earnings) will be granted.**

At your exit interview or upon termination, you will learn how you can continue your insurance coverage according to the Federal Consolidated Omnibus Budget Reconciliation Act (COBRA) of 1985, with Scandent Group Inc., or loss of eligibility to remain covered under our group health insurance program, you and your eligible dependents may have the right to continued coverage under our health insurance program for a limited period of time at your own expense. Please consult the Human Resources Dept. for any additional details.

Any dispute arising due to your employment will be referred to, dealt by and settled by courts, which are under the jurisdiction of the **State of Massachusetts only.**

All programs, systems data, manuals, literature and other materials handled/designed by you pursuant to your duties with the Company will at all times be the sole property of the company and will be considered proprietary information belonging to the company. Also, the company will at all times have the sole proprietary right in any new system which you may develop while in the company's service.

Please confirm your acceptance of the terms in this Offer letter by signing and returning one (1) copy for our records.

Once again I take great pleasure in welcoming you to the 'Scandent Family' and look forward to many years of mutually beneficial relationship.

Sincerely,
For Scandent Group Inc.,

Satyen Patel
Chief Operating Officer

Accepted and agreed:

Johannes TJ Ruigrok

18th October 2002


Scandent Group

Mr. Hans Ruigrok,
**President-North America**

### EXHIBIT A

### (Constituting an integral part of the letter to Mr. Hans Ruigrok of this date)

<u>Ownership Option agreement</u> . Scandent is working on an ownership / option agreement. Currently this agreement is scheduled to be ready before the end of calendar year 2002.  Hans Ruigrok will be granted a same percentage as the other geography presidents.

**Base Salary:**

**Base Salary**                    : **250,000 US Dollars /-  (Gross Annually)**
Payable in 12 equal monthly installments

**Incentive Pay**                    : **200,000 US Dollars/-(Annual at 100% quota achievement)**
(Payable as per criteria  mentioned below)

| <u>Target Achievement</u> | <u>Incentive % per % target achieved</u> | <u>Incentive %age</u> |
|---|---|---|
| 0%-20% | 0.50% | 10% |
| >20%-30% | 1.0% | 30% |
| >30% -50% | 1.20% | 60% |
| >100% | 1.75% | |

<u>Targets to be achieved</u>:

The fiscal year for this purpose is October 2002 through September  2003.

| | 1st Year Target | @100%  target   realization   total Commission |
|---|---|---|
| Total Revenue America's: | $25,000,000 | $72,000 |
| EBITDA America's: | $ TBD | $48,000 |
| Global Revenue MatrixOne related business | $12,000,000 | $48,000 |
| EBITDA Global MatrixOne related business | $ 4,000,000 | $32,000 |

Note: Global Revenue MatrixOne related business consists of all revenue related to the MatrixOne realationship, (SI,BAO,IT Services, ECC, Dev Labs etc) but excluding the MatrixOne India revenue. Total Revenue America's includes all revenues generated in America (Mone, SI, BPO, ECC, IS, Liberty Mutual)



### Example Commission calculation:

Revenue America's realization 90%:
-20%    = 10% of $72,000 = 7,200
21-50% =  30% of 72,000 = 21,600
51-90% = 1.2%*40* 72,000= 34,560
Total comp for Revenue =$63,360

EBITDA America's realization 120%:
-100% compensation =  $48,000
20% * 1,75% * 48,000 = $16,800
Total comp for EBITDA America's = $64,800

### Location

You will work out of our office in Massachusetts.

### Reporting Relationship

You will have the direct reporting relationship with the **Chief Operating Officer** and a dotted line relationship with Kannan.

for  ~~Satyen Patel~~
**Chief Operating Officer**

October 18, 2002

Agreed
Johannes TJ Ruigrok

October 18, 2002



# NIXON PEABODY LLP

ATTORNEYS AT LAW

101 Federal Street
Boston, Massachusetts 02110-1832
(617) 345-1000
Fax: (617) 345-1300

Gregg A. Rubenstein
Direct Dial: (617) 345-6184
E-Mail: grubenstein@nixonpeabody.com

February 19, 2004

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Office of the Attorney General
Fair Labor & Business Practices Division
200 Portland Street
Boston, MA 02114

> RE:    <u>Non-Payment of Wages Complaint Form for Hans Ruigrok</u>

To Whom It May Concern:

Enclosed for filing please find a completed Non-Payment of Wage Complaint Form on behalf of Hans Ruigrok. If it does not appear that your office will be able to complete its investigation of this claim within 30 days, I request written permission to file suit on behalf of Mr. Ruigrok prior to the expiration of the ninety day waiting period.

Thank you for your attention to this matter. If I may be of any further assistance in the investigation of this matter, please do not hesitate to contact me.

Very truly yours,

Gregg A. Rubenstein

Enclosure

Cc:    Patricia M. Sabalis, Esq. (counsel for employer)
       Hans Ruigrok

BOS1355533.1



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
200 Portland Street
Boston, MA 02114

TOM REILLY                                                    617)727-2200
ATTORNEY GENERAL

## Non-Payment of Wage Complaint Form

**EMPLOYEE INFORMATION:**

Name: _Hans Ruigrok_     Soc. Sec. # _020 84 7122_

Address: _Noordermarkt Ilc_

City: _Amsterdam, Netherlands_   State: _XX_   Zip: _XX_

Date of Birth: _3/18/59_ Work Phone: ___ - ___ - ___ Home Phone: ___ - ___ - ___

What type of work did you perform: _Responsible for complete Scandent IT consulting services throughout United States_

**EMPLOYER INFORMATION:** (complaint will not be accepted unless this section is completed.)

Company Name: _Scandent Group_

Address: _138 River Road, Suite 210_

City: _Andover_   State: _MA_   Zip: _01810_

Phone: _978_ - _989_ . _0099_ Total number of employees in company: _____

President/Owner Name: _Ramesh Vangal_   Title: _Chief Executive Officer_

Local Manager Name: _Salyen Patel_

Town where work was performed: _Andover_

**WAGE/BENEFIT INFORMATION:**

Date of Hire: _10/1/2002_ Were you discharged? _yes_   Date of discharge: _12/12/2003_

Did you leave? _no_ Date: _____ Reason for leaving: _____

If you left, did you make a personal demand for this money? _____

If yes, what was the response of the employer: _____

Rate of Pay: $ _250,000_ per (hour/week): _year_ Unpaid Wages: _280,528.00_

What dates did you work for the money which you claim you are owed:

From _05_ /_01_ /_03_ to _12_/_12_/_03_ Total amount owed: $ _280,528.00_____

Have you signed a contract as a consultant or independent contractor? __No_____

Do you have an attorney representing you in this matter? __Yes____

Have you taken any other action against your employer in this matter? _No____

If yes, please explain: _____

_____

Are you willing to fully cooperate with the Attorney General's Office, which may include appearing in court? _Yes____

EXPLAIN IN DETAIL the facts relating to why you were not paid or why you are filing this complaint. If your complaint involves vacation pay, briefly explain how you earned vacation time (e.g. one week per year, one week _after_ one year, monthly accrual, etc.)

Please see attached.

I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE AND BELIEF THIS IS A TRUE STATEMENT OF THE FACTS RELATING TO MY COMPLAINT.

Signature: _____    Date: _2/19/04_

Print Name: _Gregg A. Rubenstein, Attorney for Hans Ruigrok_____

Please attach copies of any supporting information (e.g. pay stubs, employment policy, etc...). Important: send only copies, save the originals for your records.

FILE



# NIXON PEABODY LLP

ATTORNEYS AT LAW

101 Federal Street
Boston, Massachusetts 02110-1832
(617) 345-1000
Fax: (617) 345-1300

Gregg A. Rubenstein
Direct Dial: (617) 345-6184
E-Mail: grubenstein@nixonpeabody.com

December 17, 2003

<u>VIA U.S. MAIL AND FAX: (978) 989-9949; 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 297 920</u>

Mr. Satyen Patel
Scandent Group
138 River Rd., Suite 210
Andover, MA 01810

Mr. Satyen Patel
Scandent Network Europe Ltd.
Units 5 & 6, TTC, Silwood Park, Buckhurst Road,
Ascot, Berkshire SL5 7PW
UNITED KINGDOM

RE:    Alleged Termination of Hans Ruigrok's Employment

Dear Mr. Patel:

I write on behalf of my client, Hans Ruigrok, concerning your purported December 12, 2003 termination of Mr. Ruigrok's employment with Scandent Group ("Termination Notice"). Contrary to your assertions in the Termination Notice, the termination of Mr. Ruigrok's employment fails to satisfy the terms of his October 18, 2002 Employment Agreement ("Employment Agreement"), is not the product of a mutual agreement and any monies deposited into his bank account are not "in full and final settlement of all his dues."

As you know, Scandent Group and Mr. Ruigrok signed the Employment Agreement on October 18, 2002. The Employment Agreement provides that Mr. Ruigrok will have a base annual salary of $250,000 and be eligible for annual On Target incentive pay of up to $200,000 per year. The Employment Agreement further provides that Mr. Ruigrok's employment may only be terminated upon 60 days notice and that he shall be entitled to a severance payment equal to 3 months On Target Earnings upon any such termination. This severance obligation arises "[i]n the event [Mr. Ruigrok's] performance is found to be below the laid down standards of satisfactory performance . . ." which is precisely the reason you give for the termination of Mr. Ruigrok's employment in the Termination Notice. In addition to not providing Mr. Ruigrok with the required severance pay, Scandent has failed to make Mr. Ruigrok whole for the unilateral 40% reduction in his base pay that it promised to repay when Mr. Ruigrok met newly imposed sales targets. Mr. Ruigrok has to date met these targets and therefore demands repayment of all "deferred" compensation. Scandent Group has also failed to pay Mr. Ruigrok

ALBANY, NY • BOSTON, MA • BUFFALO, NY • GARDEN CITY, NY • HARTFORD, CT • MANCHESTER, NH • McLEAN, VA
NEW YORK, NY • ORANGE COUNTY, CA • PROVIDENCE, RI • ROCHESTER, NY • SAN FRANCISCO, CA • WASHINGTON, DC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only)   __Hans Ruigrok v. Scandent Group, Inc.__

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

    ☐   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      *Also complete AO 120 or AO 121
                                                                                  for patent, trademark or copyright cases

    ☒   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ☐   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.          04 11887 MLW

    ☐   V.   150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    n/a

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)     YES ☐     NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?     YES ☐     NO ☒

                                                                                   YES ☐     NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?     YES ☐     NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).     YES ☐     NO ☒

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐        Central Division ☐        Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☒        Central Division ☐        Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)     YES ☐     NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   __Patricia M. Sabalis, Esq.__

ADDRESS   __Downs Rachlin Martin, P.O. Box 190, Burlington, VT 05402-0190__

TELEPHONE NO.   __(802) 863-2375__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Hans Ruigrok

**DEFENDANTS**

Scandent Group, Inc.

(b) County of Residence of First Listed Plaintiff citizen or subject
(EXCEPT IN U.S. PLAINTIFF CASES)
of a foreign country.

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gregg A. Rubenstein, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110-1832

Attorneys (If Known)
Patricia M. Sabalis, Esq.
Downs Rachlin Martin PLLC
P.O. Box 190
Burlington, VT  05402-0190

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☐ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☒ 4  Diversity
       (Indicate Citizenship of Parties
       in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                        and One Box for Defendant)

|  | PLF | DEF |  | DEF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 730 Labor/Mgmt.Reporting | | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | Determination Under |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party | Equal Access to |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | Justice |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 950 Constitutionality of |
| | | ☐ 555 Prison Condition | | | State Statutes |
| | | | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  Original
       Proceeding

☒ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       another district
       (specify)

☐ 6  Multidistrict
       Litigation

☐ 7  Appeal to
       District
       Judge from
       Magistrate
       Judgment

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Breach of contract; violation of Massachusetts Wage Payment Act
28 U.S.C. Sec. 1332

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $ 287,500.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
8/26/04

SIGNATURE OF ATTORNEY OF RECORD
Patricia M. Sabalis

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____