UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

04    11887 MLW

| | | |
|---|---|---|
| HANS RUIGROK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. File No. _____ |
| SCANDENT GROUP, INC. | ) | |
| | ) | |
| Defendants | ) | |

## ANSWER

Defendant Scandent Group, Inc. ("Defendant") answers the separately numbered paragraphs of the Complaint as follows:

1.    Defendant admits that plaintiff purports to bring an action pursuant to the Massachusetts Wage Payment Act and to an employment contract, and that plaintiff performed services for Defendant under terms set forth in letters dated October 18, 2002 and May 27, 2003. Defendant denies that plaintiff is entitled to any relief under the statute or alleged employment contract, and denies the remaining allegations contained in paragraph 1.

2.    Defendant admits that plaintiff seeks damages in this action but denies that he is entitled to any relief.

3.    Defendant lacks sufficient knowledge or information to form a belief as to plaintiff's current residence.

4.    Defendant admits that it employed plaintiff from October 1, 2002 to December 12, 2003, first as President, North America, Scandent Group Inc., USA, working from offices in

DOWNS
RACHLIN
MARTIN PLLC

Massachusetts, and later as President of Continental Europe, working from offices in the Netherlands.

5.       Defendant admits that it is a Delaware corporation registered to conduct business in the Commonwealth of Massachusetts. Defendant denies the remaining allegation contained in paragraph 5.

6.       Defendant admits that it performs consulting services throughout the world for various health care providers and institutions and other industries. Defendant admits the remaining allegations contained in paragraph 6.

7.       Defendant admits the allegations contained in paragraph 7.

8.       Defendant admits that Exhibit A to the Complaint is true and accurate copy of an offer letter that summarizes the terms and conditions of plaintiff's employment with Defendant in the position of President, North America, Scandent Group Inc..,USA, and that the document speaks for itself. The allegation contained in paragraph 8 asserts a legal conclusion to which no response is required.

9.       Defendant admits the allegations contained in paragraph 9.

10.      Defendant admits that it received documents from plaintiff's counsel indicating that on or about February 19, 2004, plaintiff filed a Non-Payment of Wage Complaint Form with the Office of the Attorney General, and that a true and accurate copy of those documents is attached as Exhibit B to the Complaint.

11.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11.

12.      Defendant admits that plaintiff seeks to establish jurisdiction and venue based on the statutory provisions cited in paragraph 12 of the Complaint.

DOWNS
RACHLIN
MARTIN PLLC

13.    Defendant admits the allegations contained in paragraph 13.

14.    Defendant admits that the October 18, 2002 offer letter indicated that plaintiff's annual Base Salary in the position of President, North America, Scandent Group Inc., USA would be $250,000.00, and that plaintiff was eligible to earn incentive pay up to $200,000.00, provided that he achieved certain targets.

15.    Defendant admits that the October 18, 2002 offer letter provided: a "In the event that your performance is found to be below the laid down standards of satisfactory performance or as agreed mutually at the time of your joining, your employment will be terminated with 60 days written notice from the Company.  A severance payment of 3 months OTE (On Target Earnings) will be granted."

16.    Defendant admits that during the period March through May 2003, Defendant's managers discussed with plaintiff his unsatisfactory job performance and a different compensation structure that would reduce his base salary.

17.    Defendant denies the allegations contained in paragraph 17.

18.    Defendant admits that a letter dated May 27, 2003 set forth the terms and conditions of plaintiff's employment in the position of President of Continental Europe, and that Exhibit D is a true and accurate copy of the May 27, 2003 letter, which speaks for itself. Defendant admits that the May 27, 2003 letter provided that effective May 1, 2003 plaintiff's Base Salary was $150,000.00 and that " The base compensation will be reviewed at the end of three months.  In the event, that you achieve the break even revenue targets (as illustrated in the attached Profit Sharing Plan) the base remuneration will be restated to US$ 250,000.  The difference in the current base salary and revised base salary will also be repaid in three installments post achievement of target break even revenue's."

DOWNS
RACHLIN
MARTIN PLLC

19.    Defendant denies the allegations contained in paragraph 19.

20.    Defendant admits that it implemented plaintiff's new compensation structure effective May 1, 2003.  Defendant denies the remaining allegation contained in paragraph 20.

21.    Defendant admits that by letter dated December 12, 2003, it notified plaintiff that it would terminate his employment effective December 12, 2003 due to his inability to meet Targets.

22.    Defendant denies the allegations contained in paragraph 22.

23.    Defendant admits that it did not pay plaintiff three months of On Target Earnings severance.  Defendant denies the remaining allegations in paragraph 23.

24.    Defendant denies the allegations contained in paragraph 24.

25.    Defendant repeats its responses to the allegations contained in paragraphs 1 through 24, *supra.*

26.    Paragraph 26 asserts a legal conclusion to which no response is required.

27.    Paragraph 27 asserts a legal conclusion to which no response is required.

28.    Defendant denies the allegations contained in paragraph 28.

29.    Defendant repeats its responses to the allegations contained in paragraphs 1 through 28, *supra.*

30.    Defendant denies the allegations contained in paragraph 30.

31.    Defendant denies the allegations contained in paragraph 31.

32.    Defendant denies the allegations contained in paragraph 32.

33.    Defendant denies the allegations contained in paragraph 33.

34.    Defendant denies the allegations contained in paragraph 34.

DOWNS
RACHLIN
MARTIN PLLC

35.    All allegations set forth in the Complaint that have not been specifically admitted are denied.

With respect to plaintiff's prayers for relief, Defendant denies that plaintiff is entitled to the relief requested, or any other relief.

## AFFIRMATIVE DEFENSES

1.    The complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff has failed to mitigate his damages.

WHEREFORE, Defendant requests that the Court:

1.    Dismiss this action with prejudice;

2.    Award Defendant costs and attorneys fees; and

3.    Grant such further relief as it deems proper.

Burlington, Vermont.                    August _26_, 2004

                            SCANDENT GROUP, INC.


                    By:    _Patricia M. Sabalis_
                           Patricia M. Sabalis
                           BBO # 436730
                           Downs Rachlin Martin PLLC
                           199 Main Street, P.O. Box 190
                           Burlington, VT  05402-0190
                           (802) 863-2375

                           *Attorneys for Defendant*


I hereby certify that a true copy of the above document was served upon Gregg A. Rubenstein, Nixon Peabody LLP, 100  Summer Street, Boston, Massachusetts 02110-1832, the attorney of record for Plaintiff, by first class mail on August 26, 2004.

                           _Patricia M. Sabalis_
                           Patricia M. Sabalis


BTV.272173.1

DOWNS
RACHLIN
MARTIN PLLC                         5