SCANNED

DATE: _9-28-04_

BY: _____

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

|  |  |
|---|---|
| HANS RUIGROK, | ) |
| Plaintiff, | ) |
| v. | ) |
| SCANDENT GROUP, INC. | ) |
| Defendant. | ) |

C.A. NO. _2004-1480-D_

04- 11887 _mcw_

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

### COMPLAINT AND JURY DEMAND

For its Complaint against defendant Scandent Group, Inc. ("Scandent"), plaintiff Hans Ruigrok alleges as follows:

### NATURE OF THE ACTION

1.    This action is brought to enforce the Massachusetts Wage Payment Act and Mr. Ruigrok's employment contract. As an employee of Scandent, Mr. Ruigrok performed services on behalf of and at the request of Scandent pursuant to the terms of an employment contract. Despite terminating Mr. Ruigrok's employment on or about December 12, 2003, Scandent has failed to pay Mr. Ruigrok for contractual wages, severance pay and deferred compensation. As a result, Scandent has failed to pay Mr. Ruigrok approximately $187,500 in wages and contractual payments due to him. Despite making multiple demands upon Scandent for such Unpaid Wages and contractual amounts due, Scandent has failed to make payment of any Unpaid Wages or contractual amounts owed to Mr. Ruigrok.

2.    By this action, Mr. Ruigrok seeks, among other things, the Unpaid Wages due to him, all contractual amounts owed to him, treble damages, attorneys' fees, and such other relief as the Court deems just and appropriate.

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

AUG - 6 2004

CLERK

BOS1398416.2

- 2 -

## FACTUAL BACKGROUND

### The Parties and Jurisdiction

#### Hans Ruigrok

3.    Hans Ruigrok is a natural person residing at Karthuizersplantsoen 6, 1015 LS Amsterdam the Netherlands.

4.    At all relevant times Mr. Ruigrok was employed by Scandent as its President, North America and President Continental Europe, working from offices in Massachusetts and the Netherlands.

#### Scandent Group, Inc.

5.    Scandent Group, Inc. is a Delaware corporation registered to conduct business in the Commonwealth of Massachusetts.  Scandent maintains its Regional North American headquarters in Andover, Massachusetts.

6.    Scandent performs consulting services throughout the world for various healthcare providers and institutions.  Its consulting services focus on providing to its clients IT Services, Enterprise Services, Business Process Outsourcing and Marketing & Sales Consulting.

7.    In 2002, Scandent interviewed and hired Mr. Ruigrok as its President, North America working with a base of operations at its Andover, Massachusetts office.

8.    Scandent and Mr. Ruigrok entered into an employment contract governing the terms of his employment with Scandent, a true and accurate copy of which is attached as Exhibit A.

9.    Throughout Mr. Ruigrok's employment with Scandent, Scandent withheld federal and Massachusetts payroll taxes from Mr. Ruigrok's wages and remitted such taxes to the United States and the Commonwealth of Massachusetts.

- 4 -

17.    Mr. Ruigrok responded to those officials both orally and in writing that such a reduction would constitute a breach of his employment contract and that he did not consent to a modification of the terms of his employment contract.

18.    On or about May 27, 2003, Scandent wrote to Mr. Ruigrok purporting to change the terms of his employment contract. A true and accurate copy of the My 27, 2003 correspondence is attached as Exhibit D. Specifically, Scandent sought to reduce Mr. Ruigrok's annual compensation and permanently relocate him to continental Europe. Despite purporting to immediately lower his base salary, Scandent also stated that the lost base salary would only be deferred and subsequently paid if certain sales goals were met over the next twelve months.

19.    Subsequently, Mr. Ruigrok responded to Scandent's May 27, 2003 correspondence, again rejecting the terms of the proposed changes to his employment contract.

20.    Despite Mr. Ruigrok's specific rejection of the offer to modify the terms of his employment contract, Scandent lowered his salary.

## Scandent Terminates Mr. Ruigrok's Employment and Fails to Pay Severance, Deferred Compensation and Proper Salary in Lieu of Notice

21.    On or about December 12, 2003, Scandent wrote to Mr. Ruigrok purporting to terminate his employment for failure to meet certain sales goals.

22.    Despite its obligation to do so, Scandent refused to allow Mr. Ruigrok the full twelve months promised to achieve certain sales goals and refused to pay Mr. Ruigrok the difference between the base salary guaranteed to him in his employment contract and the reduced salary Scandent paid to Mr. Ruigrok in breach of his employment contract and without Mr. Ruigrok's authorization.

- 5 -

23.    Despite its obligation to do so, Scandent refused to pay Mr. Ruigrok the three months of On Target Earnings severance that was due to him pursuant to his employment contract.

24.    Despite its obligation to do so, Scandent did not provide Mr. Ruigrok with 60 days advance notice of his termination from employment or pay Mr. Ruigrok for such days at his contractual rate of pay.

### COUNT I
### Violation of the Massachusetts Wage Payment Act, G.L. c. 149, § 148

25.    Mr. Ruigrok repeats the allegations in paragraphs 1 through 24, supra.

26.    Mr. Ruigrok was an "employee" of Scandent pursuant to G.L. c. 149, § 1.

27.    Scandent is an "employer" pursuant to the G.L. c. 149, § 1.

28.    Scandent has violated the Massachusetts Wage Payment Act, c. 149, § 148 by failing to pay Mr. Ruigrok wages in lieu of notice at his contractual wage rate and wages at his contractual wage rate for services actually performed.

Wherefore, Mr. Ruigrok demands judgment against Scandent for $87,500, plus treble damages, reasonable attorney fees, interest, costs and such other relief as deemed appropriate by the Court.

### COUNT II
### Breach of Contract

29.    Mr. Ruigrok repeats the allegations in paragraphs 1 through 28, supra.

30.    Scandent breached Mr. Ruigrok's employment contract by unilaterally and without Mr. Ruigrok's agreement reducing his base salary from $250,000 per annum to $150,000 per annum.

BOS1398416.2

31.    Scandent breached Mr. Ruigrok's employment contract by failing to pay him for services performed at the contractual rate of pay.

32.    Scandent breached Mr. Ruigrok's employment contract by terminating his contract without providing him 60 days advanced written notice.

33.    Scandent breached Mr. Ruigrok's employment contract by terminating his contract without providing him 60 days pay in lieu of notice at his contractual rate of pay.

34.    Scandent breached Mr. Ruigrok's employment contract by failing to pay him three months severance at On Target Earnings under his employment contract.

Wherefore, Mr. Ruigrok demands judgment against Scandent for $200,000, interest, costs and such other relief as deemed appropriate by the Court.

## JURY DEMAND

Mr. Ruigrok demands a jury trial on all issues so triable.

HANS RUIGROK

By his attorneys,

Gregg A. Rubenstein (BBO #639680)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
617-951-6600

Date:  August 6, 2004



# NIXON PEABODY LLP

ATTORNEYS AT LAW

101 Federal Street
Boston, Massachusetts 02110-1832
(617) 345-1000
Fax: (617) 345-1300

Gregg A. Rubenstein
Direct Dial: (617) 345-6184
E-Mail: grubenstein@nixonpeabody.com

February 19, 2004

## CERTIFIED MAIL RETURN RECEIPT REQUESTED

Office of the Attorney General
Fair Labor & Business Practices Division
200 Portland Street
Boston, MA 02114

> RE:   Non-Payment of Wages Complaint Form for Hans Ruigrok

To Whom It May Concern:

Enclosed for filing please find a completed Non-Payment of Wage Complaint Form on behalf of Hans Ruigrok. If it does not appear that your office will be able to complete its investigation of this claim within 30 days, I request written permission to file suit on behalf of Mr. Ruigrok prior to the expiration of the ninety day waiting period.

Thank you for your attention to this matter. If I may be of any further assistance in the investigation of this matter, please do not hesitate to contact me.

Very truly yours,

Gregg A. Rubenstein

Enclosure

Cc:   Patricia M. Sabalis, Esq. (counsel for employer)
      Hans Ruigrok

BOS1355533.1



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
200 Portland Street
Boston, MA 02114

TOM REILLY
ATTORNEY GENERAL

617)727-2200

## Non-Payment of Wage Complaint Form

### EMPLOYEE INFORMATION:

**Name:** Hans Ruigrok        **Soc. Sec. #** 020 84 7122

**Address:** Noordermarkt llc

**City:** Amsterdam, Netherlands    **State:** XX    **Zip:** XX

**Date of Birth:** 3/18/59    **Work Phone:** ___ - ___ - ___    **Home Phone:** ___ - ___ - ___

**What type of work did you perform:** Responsible for complete Scandent IT consulting services throughout United States

### EMPLOYER INFORMATION: (complaint will not be accepted unless this section is completed.)

**Company Name:** Scandent Group

**Address:** 138 River Road, Suite 210

**City:** Andover    **State:** MA    **Zip:** 01810

**Phone:** 978 - 989 - 0099    **Total number of employees in company:** ___

**President/Owner Name:** Ramesh Vangal    **Title:** Chief Executive Officer

**Local Manager Name:** Salyen Patel

**Town where work was performed:** Andover

### WAGE/BENEFIT INFORMATION:

**Date of Hire:** 10/1/2002    **Were you discharged?** yes    **Date of discharge:** 12/12/2003

**Did you leave?** no    **Date:** ___    **Reason for leaving:** ___

**If you left, did you make a personal demand for this money?** ___

**If yes, what was the response of the employer:** ___

**Rate of Pay: $** 250,000 **per (hour/week):** year    **Unpaid Wages:** 280,528.00

What dates did you work for the money which you claim you are owed:

From _05_ /_01_ /_03_ to _12_/_12_/_03_ Total amount owed: $ _280,528.00_

Have you signed a contract as a consultant or independent contractor? _No_

Do you have an attorney representing you in this matter? _Yes_

Have you taken any other action against your employer in this matter? _No_

If yes, please explain:

_____

Are you willing to fully cooperate with the Attorney General's Office, which may include appearing in court? _Yes_

**EXPLAIN IN DETAIL** the facts relating to why you were not paid or why you are filing this complaint. If your complaint involves vacation pay, briefly explain how you earned vacation time (e.g. one week per year, one week _after_ one year, monthly accrual, etc.)

Please see attached.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE AND BELIEF THIS IS A TRUE STATEMENT OF THE FACTS RELATING TO MY COMPLAINT.

Signature: _[signature]_                                      Date: _2/19/04_

Print Name: _Gregg A. Rubenstein, Attorney for Hans Ruigrok_

Please attach copies of any supporting information (e.g. pay stubs, employment policy, etc...). Important: send only copies, save the originals for your records.

**What dates did you work for the money which you claim you are owed:**

From _05_ /_01_ /_03_ to _12/_12_/_03_ **Total amount owed: $** 280,528.00 _____

**Have you signed a contract as a consultant or independent contractor?** _No_____

**Do you have an attorney representing you in this matter?** ___Yes_____

**Have you taken any other action against your employer in this matter?** _No____

**If yes, please explain:**

_____

**Are you willing to fully cooperate with the Attorney General's Office, which may include appearing in court?** _Yes_____

**EXPLAIN IN DETAIL** the facts relating to why you were not paid or why you are filing this complaint. If your complaint involves vacation pay, briefly explain how you earned vacation time (e.g. one week per year, one week after one year, monthly accrual, etc.)

Please see attached.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE AND BELIEF THIS IS A TRUE STATEMENT OF THE FACTS RELATING TO MY COMPLAINT.**

**Signature:** _Gregg A. Rubenstein_ (signature) _____ **Date:** 2/19/04

**Print Name:** ___Gregg A. Rubenstein, Attorney for Hans Ruigrok_____

**Please attach copies of any supporting information (e.g. pay stubs, employment policy, etc...). Important: send only copies, save the originals for your records.**

FILE



# NIXON PEABODY LLP
### ATTORNEYS AT LAW

101 Federal Street
Boston, Massachusetts 02110-1832
(617) 345-1000
Fax: (617) 345-1300

Gregg A. Rubenstein
Direct Dial: (617) 345-6184
E-Mail: grubenstein@nixonpeabody.com

December 17, 2003

**VIA U.S. MAIL AND FAX: (978) 989-9949; 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 297 920**

Mr. Satyen Patel                     Mr. Satyen Patel
Scandent Group                       Scandent Network Europe Ltd.
138 River Rd., Suite 210             Units 5 & 6, TTC, Silwood Park, Buckhurst Road,
Andover, MA 01810                    Ascot, Berkshire SL5 7PW
                                     UNITED KINGDOM

    RE:    Alleged Termination of Hans Ruigrok's Employment

Dear Mr. Patel:

    I write on behalf of my client, Hans Ruigrok, concerning your purported December 12, 2003 termination of Mr. Ruigrok's employment with Scandent Group ("Termination Notice"). Contrary to your assertions in the Termination Notice, the termination of Mr. Ruigrok's employment fails to satisfy the terms of his October 18, 2002 Employment Agreement ("Employment Agreement"), is not the product of a mutual agreement and any monies deposited into his bank account are not "in full and final settlement of all his dues."

    As you know, Scandent Group and Mr. Ruigrok signed the Employment Agreement on October 18, 2002. The Employment Agreement provides that Mr. Ruigrok will have a base annual salary of $250,000 and be eligible for annual On Target incentive pay of up to $200,000 per year. The Employment Agreement further provides that Mr. Ruigrok's employment may only be terminated upon 60 days notice and that he shall be entitled to a severance payment equal to 3 months On Target Earnings upon any such termination. This severance obligation arises "[i]n the event [Mr. Ruigrok's] performance is found to be below the laid down standards of satisfactory performance . . ." which is precisely the reason you give for the termination of Mr. Ruigrok's employment in the Termination Notice. In addition to not providing Mr. Ruigrok with the required severance pay, Scandent has failed to make Mr. Ruigrok whole for the unilateral 40% reduction in his base pay that it promised to repay when Mr. Ruigrok met newly imposed sales targets. Mr. Ruigrok has to date met these targets and therefore demands repayment of all "deferred" compensation. Scandent Group has also failed to pay Mr. Ruigrok

ALBANY, NY · BOSTON, MA · BUFFALO, NY · GARDEN CITY, NY · HARTFORD, CT · MANCHESTER, NH · McLEAN, VA
NEW YORK, NY · ORANGE COUNTY, CA · PROVIDENCE, RI · ROCHESTER, NY · SAN FRANCISCO, CA · WASHINGTON, DC

NIXON PEABODY LLP

Mr. Satyen Patel
December 17, 2003
Page 2

the full six months of On Target incentive required under the Employment Agreement totaling
$100,000. Rather, it has only paid half of this amount, leaving a balance due to Mr. Ruigrok of
$50,000. Finally, Mr. Ruigrok has submitted expenses reports for a number of business-related
expenses that remain unpaid.

Combined, this results in an immediate wage payment due Mr. Ruigrok of $280,528.00
which consists of: (1) $41,667 for 60 days notice at $250,000 annual base; (2) $50,000 for
guaranteed On Target incentive pay; (3) $18,028 for 18.75 days of accrued but unused vacation
at $250,000 annual base; (4) $112,500 for three months severance at On Target Earnings annual
base of $450,000; and (5) $58,333 in "deferred" compensation. In addition, Mr. Ruigrok
demands payment of all business-related expenses incurred in connection with his employment.

Chapter 149, § 148 of Massachusetts law ("Massachusetts Wage Payment Act"), which
the Employment Agreement specifies shall govern Mr. Ruigrok's relationship with Scandent
Group, provides that all wages due to employees whose employment is involuntarily terminated
must be paid to them on their last day of employment. No employer may exempt itself from the
provisions of the Massachusetts Wage Payment Act through provisions in a handbook or
otherwise. In addition, the president and treasurer of a corporation are personally liable for any
unpaid wages. Failure to make timely payment of wages may result in both civil and criminal
penalties ranging from $7,500 to $50,000 per violation and/or incarceration. Employees are also
entitled to bring a civil claim for any unpaid wages in which remedies include treble damages,
attorney's fees and costs.

Mr. Ruigrok has no desire to undertake legal action to recover the monies properly due to
him. He does, however, insist that such monies immediately be paid. As subsequent payment of
wages due is not a defense to any action that Mr. Ruigrok is forced to bring to recover the
monies due to him and any recovery by Mr. Ruigrok will entitle him to both attorney's fees and
treble damages, he insists that payment be made immediately for the full $280,528 in unpaid
wages and all unreimbursed expenses. Absent such payment, Mr. Ruigrok has authorized me to
initiate legal action to recover such sums.

Very truly yours,

Gregg A. Rubenstein

Cc:    Hans Ruigrok

BOS1336571.2

THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

THOMAS F. REILLY
ATTORNEY GENERAL

April 2, 2004

(617) 727-2200
www.ago.state.ma.us

Nixon Peabody, LLP
Gregg A. Rubenstein
c/o Hans Ruigrok
101 Federal Street
Boston, MA 02110-1832

**RECEIVED**

**APR 0 5 2004**

**GREGG A. RUBENSTEIN**

RE: Scandent Group

Dear Mr. Ruigrok:

Thank you for filing a complaint with the Office of the Attorney General, Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed your complaint and determined that the proper resolution of this matter may be through a private suit in civil court.

Massachusetts General Laws chapter 149, § 150, and chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may obtain treble damages and reasonable attorneys' fees following a ninety-day waiting period after filing a complaint with the Attorney General's Office. Permission to proceed civilly prior to the expiration of the ninety-day period must be granted in writing by the Attorney General's Office.

Without making a judgement on the merits of your complaint, this correspondence hereby grants you the authority to pursue this matter privately in accordance with Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action.

Thank you for your attention to this matter.

Sincerely,

Ronnie A. Cabezas
Inspector
Fair Labor and Business Practices Division
200 Portland Street
Boston, MA 02114
(617) 727 - 2200, extension 3268

May 27, 2003

Johannes Ruigrok
US Emp Id # 27

Dear Hans,

Please refer to the conversation that the undersigned had with you, and in view of your relocation to "Continental Europe" and the "Reorganization and Restructuring" that has happened in the European Geography, please note that your base compensation has been revised effective **01 May 2003** and will be as mentioned below:-

| Heads Of Income | Present Base(p.a)US $ | Revised Base (p.a.) US $ |
|---|---|---|
| Base Salary | 250,000/- | 150,000/- |

The base compensation will be reviewed at the end of three months. In the event, that you achieve the break even revenue targets (as illustrated in the attached Profit Sharing Plan) the base remuneration will be restated to US$ 250,000. The difference in the current base salary and revised base salary will also be repaid in 3 installments post achievement of target break even revenues.

Consequent to this letter, and your transfer to Continental Europe geography, a new Profit Sharing Plan(PSP) has been prepared for you clearly indicating the business targets to be achieved over 12 month period from **April 2003 to March 2004**. The same is attached herewith. The PSP will form part of your future Compensation and will be an Annexure to this letter with respect to your Compensation.

All other terms and conditions of employment and related benefits unless specifically mentioned herein remain unchanged.

Any earlier communication to you orally or in writing relating to your Compensation/Salary will be treated as null and void with immediate effect.

Needless to mention your compensation and benefits are individualized and personal to you, hence you are requested to kindly ensure total confidentiality in this matter.

Once again we look forward to your continued contribution towards the growth plans of **Scandent Group** in the years ahead. We wish you a personally and professionally satisfying career with us.

Kindly sign and return one Copy of this letter in acceptance for our records.

**Best Regards,**


**Satyen Patel**
**Chief Operating Officer**                    ------------------------------------
                                               **Accepted (Johannes Ruigrok)**

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) #2004-1480-D | Trial Court of Massachusetts Superior Court Department County: ESSEX |
|---|---|---|

| PLAINTIFF(S) HANS RUIGROK | DEFENDANT(S) SCANDENT GROUP, INC. |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (617) 345-1000 GREGG A. RUBENSTEIN NIXON PEABODY LLP  100 SUMMER ST. BOSTON, MA Board of Bar Overseers number: 639680          02110 | ATTORNEY (if known) |
|---|---|

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Breach of Contract | ( F ) | ( X ) Yes      ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.    Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
2.    Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
3.    Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
4.    Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
5.    Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
                                                                                         Subtotal $. . . . . . . . . . . . .
B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
F.  Other documented items of damages (describe)
                                                                                         $. . . . . . . . . . . . .
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

A TRUE COPY, ATTEST,

*Paula J. Welsch*

DEPUTY ASS'T. CLERK

                                                                                         $. . . . . . . . . . . . .
                                                                                 TOTAL $. . . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

**FILED IN THE SUPERIOR COURT FOR THE COUNTY OF ESSEX**

Provide a detailed description of claim(s):

Plaintiff alleges that his former employer failed to pay him his earned wages, pay in lieu of notice and severance pay pursuant to his employment contract.

AUG 6 2004

TOTAL $. 200,000.00

*Thomas H. Driscoll Jr.*

CLERK

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _Gregg A. Rubenstein_          DATE: 8/06/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

2

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

HANS RUIGROK,      )
                     )
         Plaintiff,    )
                     )
    v.              )  C.A. NO. 2004-1480-D
                     )
SCANDENT GROUP, INC.    )
                     )
         Defendant.   )
                     )

## PLAINTIFF'S EX PARTE MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P. 4(c), the Plaintiff, Hans Ruigrok, hereby moves that Butler and Witten, Constables, of 1895 Centre Street, West Roxbury, Massachusetts, be specially appointed by this Court for the purposes of serving and/or recording any notice, order, pleading, paper, document, or motion in the above referenced matter in addition to the Deputy-Sheriffs of the Commonwealth.

HANS RUIGROK

By his attorneys,

Gregg A. Rubenstein (BBO #639680)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
617-951-6600

A TRUE COPY, ATTEST
Paula A. Melnet
DEPUTY ASS'T. CLERK

Date: August 6, 2004

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

AUG - 6 2004

CLERK

BOS1406666.1

*3*

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* — TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-1480-D

HANS RUIGROK ............................................................, Plaintiff(s)

v.

SCANDENT GROUP, INC. ............................................., Defendant(s)

## SUMMONS

To the above named Defendant: SCANDENT GROUP, INC.

You are hereby summoned and required to serve upon GREGG A. RUBENSTEIN ..........................................,

plaintiff's attorney, whose address is NIXON PEABODY LLP 100 SUMMER ST BOSTON, MA 02110 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

LAWRENCE ............................................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Suzanne V. DelVecchio

WITNESS, ███████████, Esquire, at Salem, the sixth
day of August , in the year of our Lord two thousand 04

A TRUE COPY, ATTEST
**FILED**
IN THE SUPERIOR COURT
DEPUTY ASS'T. CLERK FOR THE COUNTY OF ESSE

AUG 1 8 2004

**CLERK**

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

Office #30

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

**COMMONWEALTH OF MASSACHUSETTS**
**Essex County Superior Court**

I hereby certify and return that today, August 10, 2004, at 12:00 PM, I served a true and attested copy of the within Summons; Complaint; Motion for Special Process Server; Civil Action Cover Sheet in this action upon the within named Scandent Group Inc., c/o CT Corporation, Resident Agent for Service, by giving in hand to Yvette Concepcion Agent in Charge. Said service was effected at: Scandent Group Inc., c/o CT Corporation - Resident Agent for Service, 101 Federal Street, Boston, MA .

Signed under the pains and penalties of perjury today, August 10, 2004.

John Karakashian, Rule 4(c) Special Process Server
& Disinterested Person over Age 18.

Service & Travel:$120.00

**Butler and Witten**
Boston, MA
(617) 325-6455

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT DEPARTMENT OF
                                              THE TRIAL COURT,

HANS RUIGROK,                       )
                                    )
        Plaintiff                   )
                                    )
        v.                          )
                                    )        C.A. File No. 2004-1480-D
SCANDENT GROUP, INC.                )
                                    )
        Defendants                  )

NOTICE OF FILING NOTICE OF REMOVAL

TO:    THE CLERK OF THE DISTRICT COURT DEPARTMENT OF THE TRIAL COURT,
       ROXBURY DIVISION

       Please take notice that on August 26 , 2004, Defendant filed in the United States District

Court for the District of Massachusetts a Notice of Removal with respect to the complaint sent

by Plaintiff Hans Ruigrok to Scandent Group, Inc.  This filing effects removal to the United

States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1441.  A copy of

the Notice of Removal and related papers is attached.

       Burlington, Vermont.                  August 26 , 2004

                                             SCANDENT GROUP, INC.

                                             BY: _____
                                             Patricia M. Sabalis
                                             BBO #436730
                                             Downs Rachlin Martin PLLC
                                             199 Main Street, P.O. Box 190
                                             Burlington, VT  05402-0190
                                             (802) 863-2375

A TRUE COPY, ATTEST
_____
DEPUTY ASST. CLERK

                                             **FILED**
                                             Attorneys for Defendant IN THE SUPERIOR COURT
BTV.257716.2                                               FOR THE COUNTY OF ESSEX

Downs                                                      AUG 2 7 2004
Rachlin
Martin PLLC                                  _____
                                                      CLERK

4A

FILED
IN CLERK'S OFFICE

2004 AUG 27  A 11: 18

U.S. DISTRICT COURT
DIST. OF MASS.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

04    11887 MLW

HANS RUIGROK,                    )
                                 )
        Plaintiff                )
                                 )
        v.                       )
                                 )
SCANDENT GROUP, INC.             )
                                 )
        Defendants               )

C.A. ...

I ... AND CERTIFY ON 8/30/04
... THE FOREGOING DOCUMENT IS A FULL, TRUE
... OF THE ORIGINAL ON FILE
... AND IN MY LEGAL CUSTODY.
... DISTRICT COURT
DISTRICT ... MASSACHUSETTS

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Scandent Group, Inc. (hereinafter referred to as the "Defendant") files this Notice of Removal. As grounds for removal, Defendant submits that:

1.     Defendant is a defendant in a civil action entitled HANS RUIGROK V. SCANDENT GROUP, INC., filed in Essex County Superior Court Department of the Trial Court of Massachusetts, C.A. No. 2004-1480-D.

2.     On August 10, 2004, Defendant's registered agent was served with a copy of the Summons and Complaint. A copy of these documents and exhibits are attached as Exhibit A.

3.     Plaintiff is a natural person residing at Karthuizersplantsoem 6, 1015 LS Amsterdam, the Netherlands. Complaint ¶ 3.

4.     Defendant is a Delaware Corporation with its principal place of business in Atlanta, Georgia. Complaint ¶ 5.

5.     Plaintiff's Complaint purports to assert claims for breach of contract and violation of Massachusetts Wage Payment Act, Mass. G. L. ch. 149, § 148, and contains a demand for $287,500. Complaint §§ 25-34.

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

SEP - 7 2004

CLERK

DOWNS
RACHLIN
MARTIN PLLC

5

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2004-01480**

Ruigrok

vs.

Scandent Group Inc

---

## ORDER OF TRANSFER (remand)

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is

ORDER transferring/remanding case to United States District Court

Dated at Lawrence, Massachusetts this 10th day of September, 2004.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY *Paula T. Melnick*
Deputy Assistant Clerk

Telephone: (978) 687-7463

A TRUE COPY. ATTEST
*Paula T. Melnick*
DEPUTY ASS'T. CLERK

MAS-20031124
melnickp

# Commonwealth of Massachusetts
## ESSEX SUPERIOR COURT
### Case Summary
### Civil Docket

09/10/2004
04:16 PM

## ESCV2004-01480
### Ruigrok v Scandent Group Inc

| | | | | | |
|---|---|---|---|---|---|
| File Date | 08/06/2004 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 09/07/2004 | Session | D - Civil-CtRm 2 (Lawrence) | | |
| Origin | 1 | Case Type | A01 - Services, labor, materials | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 11/04/2004 | Answer | 01/03/2005 | Rule12/19/20 | 01/03/2005 |
| Rule 15 | 01/03/2005 | Discovery | 06/02/2005 | Rule 56 | 07/02/2005 |
| Final PTC | 08/01/2005 | Disposition | 09/30/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Hans Ruigrok
Active 08/06/2004

Private Counsel 639680
Gregg A Rubenstein
Nixon Peabody
100 Summer Street
Boston, MA 02110
Phone: 617-345-1000
Fax: 617-345-1300
Active 08/06/2004 Notify

**Defendant**
Scandent Group Inc
Served: 08/10/2004
Served (answr pending) 08/18/2004

A TRUE COPY, ATTEST
*Cecila T. McQuirk*
DEPUTY ASST. CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/06/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 08/06/2004 | | Origin 1, Type A01, Track F. |
| 08/06/2004 | 2.0 | Plaintiff's ex parte MOTION for appointment of special process server Butler and Witten, Constables |
| 08/06/2004 | | MOTION (P#2) ALLOWED (Thomas P. Billings, Justice) Notice given in hand |
| 08/18/2004 | 3.0 | SERVICE RETURNED: Scandent Group Inc(Defendant) (in hand/agent) |
| 09/07/2004 | 4.0 | Notice for Removal to the United States District Court filed by Scandent Group Inc |
| 09/07/2004 | 5.0 | ORDER transferring/remanding case to United States District Court |
| 09/07/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 08/08/2005 | Civil-CtRm 2 (Lawrence) | Status: Review Annual Fee | Event canceled not re-scheduled |

MAS-20031124
melnickp

Case 1:04-cv-11887-MLW    Document 4    Filed 09/27/2004    Page 23 of 23

Commonwealth of Massachusetts
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

09/10/2004
04:16 PM

## ESCV2004-01480
## Ruigrok v Scandent Group Inc

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 08/06/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 09/07/2004 | **Session** | D - Civil-CtRm 2 (Lawrence) | | |
| **Origin** | 1 | **Case Type** | A01 - Services, labor, materials | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 11/04/2004 | **Answer** | 01/03/2005 | **Rule12/19/20** | 01/03/2005 |
| **Rule 15** | 01/03/2005 | **Discovery** | 06/02/2005 | **Rule 56** | 07/02/2005 |
| **Final PTC** | 08/01/2005 | **Disposition** | 09/30/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Hans Ruigrok
Active 08/06/2004

**Private Counsel 639680**
Gregg A Rubenstein
Nixon Peabody
100 Summer Street
Boston, MA 02110
Phone: 617-345-1000
Fax: 617-345-1300
Active 08/06/2004 Notify

**Defendant**
Scandent Group Inc
Served: 08/10/2004
Served (answr pending) 08/18/2004

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/06/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 08/06/2004 | | Origin 1, Type A01, Track F. |
| 08/06/2004 | 2.0 | Plaintiff's ex parte MOTION for appointment of special process server Butler and Witten, Constables |
| 08/06/2004 | | MOTION (P#2) ALLOWED (Thomas P. Billings, Justice) Notice given in hand |
| 08/18/2004 | 3.0 | SERVICE RETURNED:  Scandent Group Inc(Defendant) (in hand/agent) |
| 09/07/2004 | 4.0 | Notice for Removal to the United States District Court filed by Scandent Group Inc |
| 09/07/2004 | 5.0 | ORDER transferring/remanding case to United States District Court |
| 09/07/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 08/08/2005 | Civil-CtRm 2 (Lawrence) | Status: Review Annual Fee | Event canceled not re-scheduled |